STATE OF NORTH CAROLINA v. DANNIE ROMES

No. 7214SC282

(Filed 24 May 1972)

1. Narcotics § 4— possession of heroin — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of possession of heroin, where it tended to show that nine bindles of heroin were found in the bathroom of an apartment, that defendant was in charge of the premises, that defendant and several others were in the apartment when the heroin was found, and that defendant "had one or two tracks on his right arm."

2. Narcotics § 4.5— instructions on possession

The trial court did not err in instructing the jury that a person possesses a narcotic drug "when he has either by himself or together with others the power and intent to control the disposition or use of the drug."

APPEAL by defendant from *Hall, Judge*, 8 November 1971 Session of Superior Court held in DURHAM County.

Defendant was charged in a bill of indictment, proper in form, with the felony of unlawful possession of nine bindles of the narcotic drug heroin.

The evidence for the State tended to show that on 31 August 1971, the defendant was in charge of the premises at 1215

Dawkins Street in Durham, North Carolina, that several other persons were there, and that the defendant gave the officers permission, at first, to search the premises for one Kenneth McCauley (for whom they had a capias) and then later gave them permission to search the premises for drugs. As a result of the search for drugs, the officers found nine bindles of heroin in the bathroom. The defendant "had one or two tracks on his right arm."

Defendant offered evidence which tended to show that 1215 Dawkins Street was his "girl friend's house," that she was away at work and that he was "there keeping the baby." His girl friend had a job and paid the rent on the premises, a three-room apartment. At the time of his arrest, the defendant was present in the apartment with four other persons and had heard some of these persons, all of whom he knew, talking about heroin. He told the officers that the heroin discovered during the search belonged to one Bobby Barnes, that Barnes had put the heroin in the bathroom when the officers had knocked on the door, that the heroin was not his and he had nothing to do with it, and that Barnes was also charged with possession of this same heroin.

From a verdict of guilty and a judgment imposing a prison sentence, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Assistant Attorneys General Eagles and Walker for the State.*

*Felix B. Clayton for defendant appellant.*

MALLARD, Chief Judge.

[1] Defendant's first contention is that the trial judge erred in failing to allow his motion for judgment as of nonsuit. We do not agree. We think there was ample evidence to require submission of the case to the jury. See *State v. Cook,* 273 N.C. 377, 160 S.E. 2d 49 (1968). The jury could have found from the defendant's evidence that he did not possess the heroin, but the jury apparently did not believe all of the testimony of the defendant and his witnesses.

[2] The defendant also argues and contends that the trial court failed to properly instruct the jury concerning "possession" and "constructive possession" of narcotic drugs.

The judge instructed the jury:

"Now, members of the Jury, I instruct you that a person does have possession of a narcotic drug when he has either by himself or together with others the power and the intent to control the disposition or use of the drug."

Later, after they had retired, the jury voluntarily returned to the courtroom and upon request, the judge instructed them:

"* * * A person to be guilty of possession must knowingly possess it and as I instruct you that a person possesses a narcotic drug when he has either by himself or together with others the power and intent to control the disposition or use of the drug. * * *"

The language used in these instructions is in accordance with the law of possession that is stated in connection with the possession of intoxicating liquor in *State v. Fuqua,* 234 N.C. 168, 66 S.E. 2d 667 (1951), wherein Justice Ervin said:

"An accused has possession of intoxicating liquor within the meaning of the law when he has both the power and the intent to control its disposition or use. The requisite power to control may reside in the accused acting alone or in combination with others. *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600."

In the case of *State v. Jones,* 213 N.C. 640, 197 S.E. 152 (1938), Justice Barnhill (later Chief Justice) said: "Personal property is in the possession of a person whenever it is in his custody and control and subject to his disposition." See also, *State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680 (1971), and 73 C.J.S., Property, § 14.

The principle of law relating to the possession of intoxicating liquor and other personal property is also applicable to the possession of narcotic drugs. We hold, therefore, that the trial judge did not commit error in instructing the jury as to the law on "possession" of narcotic drugs.

In the trial we find no error.

No error.

Judges CAMPBELL and BROCK concur.