STATE OF NORTH CAROLINA v. ROCKY A. GARCIA, ROBERT E. BURGESS AND JOHNNY RAY McGEE

No. 7212SC648

(Filed 25 October 1972)

1. Criminal Law § 92— identical charges against three defendants — consolidation proper

The trial court did not err in consolidating for trial the cases of three defendants who were charged in identical bills of indictment with possession with intent to distribute marijuana. G.S. 15-152.

2. Criminal Law § 98— sequestration of witnesses

The trial court did not abuse its discretion in denying defendant's motion to sequester the witnesses.

3. Criminal Law § 32; Narcotics § 3— prima facie evidence — no deprivation of presumption of innocence

The statutory provision that possession of more than five grams of marijuana shall be presumptive or *prima facie* evidence of possession for sale constitutes a rule of evidence only and does not deprive defendants of the presumption of their innocence nor relieve the State of its burden to prove their guilt beyond a reasonable doubt, as the establishment of a *prima facie* case supports, but does not compel, a finding of guilty. G.S. 90-94(f)(3).

4. Arrest and Bail § 3; Highways and Cartways § 3— driver's license and vehicle registration check — authority of officer to stop vehicle

Seizure of marijuana from defendants' car and their arrest for its possession did not amount to an unconstitutional invasion of defendants' rights where officers discovered the marijuana in plain view after lawfully stopping defendants' vehicle to check driver's license and vehicle registration. G.S. 20-183(a).

5. Criminal Law § 175— findings of fact supported by evidence — no review on appeal

The trial court's findings of fact and conclusions that marijuana was admissible in .evidence against defendants will not be disturbed on appeal where the evidence supported the court's findings and these supported the conclusion.

APPEAL by defendants from *Hall, Judge,* 10 April 1972 Session of Superior Court held in CUMBERLAND County.

The three defendants were charged in identical bills of indictment with possession with intent to distribute 58.6 grams of marijuana, a felony. The three cases were consolidated for trial.

The evidence for the State tends to show that four officers assigned to the Cumberland County Inter-Agency Bureau of Narcotics and Dangerous Drugs were on patrol in an unmarked car near Fayetteville State University. They stopped the car in which the three defendants were riding and, while checking the operator's license and vehicle registration, one of them observed a beaded blue bag on the floor from which a plastic bag was protruding. The plastic bag contained a green vegetable matter which in the officer's opinion was marijuana. The three defendants were placed under arrest and further search of the vehicle revealed two manila bags on the back seat containing marijuana, and additional bags of marijuana were found under the front seat. Defendant Garcia was driving and defendant Burgess was riding in the front on the passenger side. Defendant McGee was in the back seat.

Defendants Garcia and Burgess offered evidence which tended to show that defendant McGee had been seen with a blue beaded bag in his home with marijuana in it, and that he had offered the bag to a visitor and told him to "go ahead and roll a joint." They offered evidence which tended to show that on the night in question they went to defendant McGee's house looking for one Ricky Warrick; that Warrick was not there but McGee asked them to take him to a friend's house; and they were in the process of giving McGee a ride when they were stopped by the officers. They further offered evidence which tended to show that they had no knowledge of the marijuana being in the car.

Defendant McGee offered evidence which tended to show that he and Garcia and Burgess had smoked marijuana together, but not on the day in question. He offered evidence which tended to show that the blue beaded bag was not his; that he had never seen it before the officer took it out of the car; and that he had no knowledge of the marijuana in the car. He offered evidence which tended to show that defendants Garcia

and Burgess came to his house about 8:30 p.m. and wanted him to take them to "where they could cop some drugs." He agreed to go with them to help find where they could buy some, but did not get any before they were stopped by the officers.

The jury found the three defendants guilty as charged. They appealed.

*Attorney General Morgan, by Associate Attorney Poole, for the State.*

*Sol G. Cherry, Public Defender, for defendants Rocky A. Garcia and Robert E. Burgess.*

*Robert F. Page for defendant Johnny Ray McGee.*

BROCK, Judge.

[1] Defendants assign as error that the trial judge allowed consolidation of the cases for trial over defendants' objections. When two or more defendants are charged in separate bills of indictment with identical crimes and the offense charged against each is so connected in time and place as to constitute one continuous criminal offense, the trial court may order the cases consolidated for trial, G.S. 15-152, and his decision will not be disturbed in the absence of a showing of abuse of discretion. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384. Defendants have failed to show an abuse of discretion in the consolidation.

[2] Defendant McGee assigns as error the denial of his motion to sequester the witnesses. This motion was addressed to the discretion of the trial judge. No abuse of discretion appears upon the record. This assignment of error is overruled. *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386.

[3] Defendants assign as error the denial of their motions to quash the three bills of indictment upon the grounds that the statute under which they were drawn is unconstitutional for creating a presumption of guilt.

G.S. 90-95 (f) (3) provides that possession of more than five grams of marijuana shall be presumed to be possession for the purpose of violating G.S. 90-95 (a) (1), which makes it unlawful for a person to possess marijuana with intent to distribute it. Under the terms of the statute, evidence of possession of more than five grams of marijuana constitutes presumptive

or prima facie evidence of possession of marijuana with intent to distribute it.

> "It is well established that it is competent for a legislative body to provide by statute or ordinance that certain facts shall be prima facie or presumptive evidence of other facts. This power is not confined to civil cases, but applies to criminal prosecutions as well, there being no vested right to the rule of evidence that everyone shall be presumed innocent until proved guilty, which prevents the legislature from making the doing of certain acts prima facie proof of guilt or of some element of guilt. In other words, the mere fact that a criminal statute creates a presumption from certain facts does not of itself render the statute unconstitutional." 29 Am. Jur. 2d, Evidence, § 10, p. 46.

There are numerous cases sustaining the validity of statutes providing that evidence of certain facts shall be presumptive or prima facie evidence of facts which constitute a violation of the law: possession of intoxicating liquor as presumptive or prima facie evidence of possession for sale, Annot., 31 A.L.R. 1222, *State v. Russell,* 164 N.C. 482, 80 S.E. 66; percentage of alcohol in a person's blood as presumptive or prima facie evidence of intoxication, Annot., 16 A.L.R. 3d 748, *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165; possession of fish or game, or of specified hunting or fishing equipment as presumptive or prima facie evidence of violation of game laws, Annot., 81 A.L.R. 2d 1093; the finding of merchandise concealed upon a person which had not theretofore been purchased by such a person as constituting presumptive or prima facie evidence of willful concealment in violation of G.S. 14-72.1, *State v. Hales,* 256 N.C. 27, 122 S.E. 2d 768. For a general discussion of the constitutionality of statutes making one fact presumptive or prima facie evidence of another, see Annot., 51 A.L.R. 1139.

The statutory provisions of which defendants complain merely constitute a rule of evidence for the establishment of a prima facie case; it does not deprive defendants of the presumption of their innocence nor relieve the State of its burden to prove their guilt beyond a reasonable doubt. The establishment of such a prima facie case will support, but it does not compel, a finding of guilty. Clearly there is a rational connection between the fact proved (possession of more than five grams of marijuana) and the ultimate fact to be established (posses-

sion of marijuana with the intent to distribute). We hold the challenged provisions of the statute to be constitutional. It follows that denials of defendants' motions to quash were not error.

[4] Defendants assign as error the admission into evidence of the fruits of the search of the automobile in which defendants were riding. Defendants argue that the officers had no right to stop defendants, and, therefore, the seizure of the marijuana and their arrest therefor under the "plain view" doctrine was an unconstitutional invasion of their rights. It is defendants' position that because the officers were assigned to the narcotics investigation division and that discovery and arrest of narcotics law violators were their prime concern, their stopping defendants to check driver's license and vehicle registration was merely a ruse.

This argument is without merit. G.S. 20-183(a) provides among other things that all law enforcement officers "within their respective jurisdictions shall have the power to stop any motor vehicle upon the highways of the State for the purpose of determining whether the same is being operated in violation of any of the provisions of this article." The officers had plenary authority to stop defendants' vehicle to check license and registration.

[5] Defendants further argue that the evidence on the hearing to determine the admissibility of the marijuana found in defendants' vehicle was conflicting and that the trial judge gave no weight to defendants' evidence. The trial judge heard and observed, and he made his findings of fact from the evidence presented. His findings of fact support the conclusion that the marijuana was admissible in evidence against defendants and his findings will not be disturbed.

Defendants' remaining assignments of error are overruled. In our opinion defendants had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge BRITT concur.