STATE OF NORTH CAROLINA v. DAN L. HENDRICKSON AND ANN SAYERS HENDRICKSON

No. 7321SC92

(Filed 14 February 1973)

Constitutional Law § 31— refusal to require disclosure of informant's identity

In a trial for possession of marijuana with intent to distribute, the trial court did not err in refusing to require the State to disclose the identity of an informant who told the police that defendants would receive packages containing marijuana mailed to them at a certain post office, where defendants did not contend that they did not know the contents of the packages, and defendants failed to show how such disclosure would be helpful or relevant to their defense.

APPEAL by defendant from *Collier, Judge,* 7 August 1972 Session of Superior Court held in FORSYTH County.

Defendants were charged separately in bills of indictment with the felony of possession of more than five grams of marijuana with intent to distribute the same.

The State's evidence tended to show the following: At approximately 10:50 a.m. Deputy E. P. Oldham, of the Narcotics Division of the Forsyth County Sheriff's Office, received a telephone call from a confidential informant. As a consequence of the information received, Deputy Oldham and three other offi-

cers went immediately to Walkertown and began surveillance of the Walkertown Post Office. At approximatetly 11:57 a.m. the defendants, Ann and Dan Hendrickson, drove into the parking lot of the Post Office. They were riding in a 1960 green pickup truck with a green canvas covering and Alabama license tags. Both defendants went into the Post Office and came out carrying four or five packages. Defendants then went into the Northwestern Bank before returning to their truck. The male defendant deposited some package wrappings in a trash can and they drove away. As defendants drove into the parking lot of a grocery store a short distance from the Post Office, the officers drove in beside them and advised defendants they were under arrest for possession of marijuana. A search of the female defendant's pocketbook revealed an aluminum foil packet containing vegetable matter which was later identified as marijuana.

Prior to the admission of the above evidence defendant moved that the identity of the confidential informant be revealed, or, in the alternative, that the evidence be suppressed. A *voir dire* was conducted in the absence of the jury and the following information was elicited from the officer. The officer had previously relied upon the informant and found his information to be correct. He had made approximately two arrests previously on information received from this same informant. The officer made no independent investigation of the facts prior to arresting defendants because he did not have time.

The testimony on *voir dire* further disclosed that the informant knew the names of defendants, the description of the vehicle they would be riding in, the fact that the vehicle had an Alabama license, the approximate time they would arrive at the Walkertown Post Office, and the manner in which the package would be addressed. The wrapper was found in defendant's truck bearing an address exactly as the informant had described.

No statements attributed to defendants were offered in evidence by the State, and defendants offered no evidence. Their renewed motion to suppress the evidence or reveal the identity of the informant was denied.

The jury found each defendant guilty as charged.

*Attorney General Morgan, by Associate Attorney Poole, for the State.*

*Hamilton C. Horton, Jr., for defendants.*

BROCK, Judge.

Defendants assign as error the court's refusal to require disclosure of the informant's identity, or, in the alternative, its refusal to suppress the evidence obtained from the search incident to the arrest. Defendants contend that either the State should reveal the identity of its informant or the evidence should be suppressed.

Defendants argue that the disclosure of the informant's identity was an essential prerequisite to the preparation of their defense. Defendant's counsel questions how the informant knew in specific detail the size and precise address of the marijuana package, and suggests that the defendants were "framed" by the unidentified informant. However, this contention is mere supposition which finds no support in the evidence.

The general rule concerning disclosure of the identity of an informant is as follows:

> "The privilege of nondisclosure must give way and disclosure of the identity of an informer is required where disclosure is essential or relevant (material) and helpful to the defense of an accused, or lessens the risk of false testimony, or is necessary to secure useful testimony, or is essential to a fair determination of the cause. Contrariwise, the privilege of nondisclosure will be upheld where disclosure of the identity of an informer does not aid defendant in regard to his defense, and is not essential nor relevant (material) for that purpose or for the fair disposition of the case. Important factors in this connection are that the accused admits or does deny guilt, or makes no defense on the merits or that there is independent evidence of accused's guilt." 76 A.L.R. 2d, at p. 282.

See also *Roviaro v. United States*, 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623; *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53. This rule also is cited with apparent approval in *State v. Fletcher* and *State v. St. Arnold*, 279 N.C. 85, 181 S.E. 2d 405.

Defendants did not contend to the officers at the time of their arrest that they did not know what was in the package, nor did they make such a contention at trial. Their plea of not guilty denies every element of the offense charged, but it does not of itself suggest that defendants received the package without knowing its contents. Defendants have failed to show how

the disclosure of the informant's identity would be helpful or relevant to their defense. Therefore, they have failed to show in what way they were prejudiced by the refusal of the trial court to require disclosure of the informant's identity.

No error.

Judges CAMPBELL and GRAHAM concur.