STATE OF NORTH CAROLINA v. JOHN JUNIOR McDOUGALD

No. 7312SC405

(Filed 13 June 1973)

1. **Criminal Law § 84— failure to furnish copy of search warrant to defendant — no effect on search**

    Failure to furnish defendant with a copy of the warrant under which his home was searched did not invalidate the search or his arrest. G.S. 15-21.

2. **Constitutional Law § 31— identity of informer**

    Defendant in this prosecution for possession of marijuana with intent to distribute was not entitled to disclosure of the name of the confidential informer whose information led police to defendant, since there was no showing that disclosure would aid defendant in any way and since there was ample independent evidence of defendant's guilt.

3. **Constitutional Law § 32— duty of court to defendant appearing pro se**

    A defendant appearing *pro se* by his own choice does so at his own peril and does not automatically become a ward of the court.

4. **Criminal Law § 32; Narcotics § 3— possession and distribution statute — no presumption of guilt**

    The statute relating to the possession and distribution of controlled substances upon which the bill of indictment in this case is based is constitutional, and it does not create a presumption of guilt.

APPEAL by defendant from *Braswell, Judge,* 3 January 1973 Criminal Session of Superior Court held in CUMBERLAND County.

Defendant was charged in a bill of indictment with the felony of possession with intent to distribute 276 grams of marijuana.

The evidence for the State tends to show that on 3 June 1972 about 9:15 p.m. an agent of the State Bureau of Investigation assigned to narcotics investigations in company with other officers executed a search warrant at the residence of John Junior McDougald located at 110 Quincy Street in Fayetteville and found approximately 276 grams of marijuana in the right rear bedroom of the house. The marijuana was contained in 20 separate plastic bags placed in a Busch Bavarian Beer cardboard box on the floor next to a couch with a red, white and blue cloth covering it. An officer testified that the plastic bags are called "lids" which sell locally at $20.00 each.

When the officers arrived at the house the defendant was present and the search warrant was read to him. Upon discovery

of the marijuana the defendant was arrested and advised of his constitutional rights and later taken to the police station.

Defendant had lived at 110 Quincy Street for several years and items of correspondence addressed to the defendant were found in the bedroom.

The defendant offered evidence tending to show that the marijuana belonged to his son, Mark McDougald, and one Larry Roseboro and had been placed in his home without his knowledge or consent.

Prior to the introduction of any evidence defendant objected to the admission of the materials seized at his home pursuant to the search warrant and moved to dismiss the action because he had not been furnished a copy of the search warrant. After a *voir dire* hearing the court found that the search warrant had been lawfully obtained upon information furnished by a confidential informer who had provided reliable information within the past three months which had led to the arrest of ten persons in the Fayetteville area and that the marijuana and other materials seized were admissible in evidence. The court further held: ". . . I rule as a matter of law, that although you did not receive a copy of the search warrant at the time of its being read to you, or at any time to this moment, that that does not invalidate your arrest nor the search."

In the trial in the lower court defendant did not choose to employ counsel and represented himself.

. The jury found the defendant guilty as charged, and he appeals from the prison sentence imposed.

*Attorney General Morgan by Associate Attorney Henry E. Poole for the State.*

*Barrington, Smith & Jones by William S. Geimer for defendant appellant.*

BALEY, Judge.

[1]  The defendant contends that it was error for him not to be given a copy of the search warrant, that entry into his premises was illegal, and that evidence obtained by the search should be suppressed. We find no merit in these contentions.

G.S. 15-21 specifically provides that a failure to furnish copy of warrant ". . . shall not invalidate the arrest." The offi-

cers read the search warrant to the defendant before any search was made, and he was advised of its contents. There was no indication in the record that defendant made any contention that he had suffered any improper invasion of his privacy.

[2]  Defendant further contends that if he had been furnished a copy of the warrant he would have had an opportunity to show that the identity of the informant was essential to his defense.

Disclosure of the identity of a confidential informer will not be allowed unless such disclosure would be relevant or helpful to the defense. *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405; *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53; *State v. Hendrickson,* 17 N.C. App. 356, 194 S.E. 2d 208; *State v. Cameron,* 17 N.C. App. 229, 193 S.E. 2d 485.

In this case 276 grams of marijuana were found in a bedroom of defendant's home. It was separated into 20 plastic bags known as "lids" which, according to the testimony of the officer, sell locally at $20.00 per lid. Correspondence addressed to defendant was in the room. It is abundantly clear that the defendant was in possession of this marijuana. It was in his custody and control and subject to his disposition. *State v. Romes,* 14 N.C. App. 602, 188 S.E. 2d 591, *cert. denied,* 281 N.C. 627.

The disclosure of the informant whose information led the police to the defendant would not be relevant or helpful to this defendant as there is ample independent evidence of his guilt. The activities of the confidential informant are only collaterally connected with the offense for which defendant was on trial, and there is no showing that disclosure of his identity could aid the defendant in any way. *State v. Johnson,* 13 N.C. App. 323, 185 S.E. 2d 423.

Defendant assigns as error the failure of the court to declare a mistrial or give a precautionary instruction to the jury in connection with the testimony of Officer Samuel White on cross-examination by the defendant.

The statement of Officer White must be taken in context. The defendant by cross-examination was attempting to establish that the officer did not believe that the defendant had anything to do with the marijuana being in his house, and asked what the officer told him. Officer White then testified ". . . as I stated to you, even I had information in reference to you and your son dealing in narcotics." In reply to defendant's question,

ill-advised as that question may have been, the answer of Officer White cannot be held as error.

Defendant asserts that the court owes him an additional duty because he was not represented by counsel. The court is not required to represent a defendant who chooses to be his own counsel, but, rather, a trial judge sits as an impartial arbiter to see that justice is done between the accused on the one hand and society on the other. *State v. Morris*, 2 N.C. App. 262, 163 S.E. 2d 108, *reversed on other grounds*, 275 N.C. 50, 165 S.E. 2d 245.

[3] A defendant appearing *pro se* by his own choice does so at his peril and does not automatically become a ward of the court. *See* Note, "Criminal Procedure—Right to Defend *Pro Se*," 48 N.C.L. Rev. 678, 683-84 (1970). We have, however, considered all assignments of error urged by defendant and find them without merit.

[4] Finally, defendant insists that the statute relating to the possession and distribution of controlled substances upon which the bill of indictment is based is unconstitutional as it creates a presumption of guilt. This same statute has already been before this Court upon a similar contention in *State v. Garcia*, 16 N.C. App. 344, 192 S.E. 2d 2, *cert. denied*, 282 N.C. 427, where it was held to be constitutional.

The evidence here of possession of 276 grams of marijuana is reinforced by other evidence showing concealment and that the marijuana was separated into smaller containers, indicating that it was being broken up for more ready distribution. This would support a jury finding that the defendant actually had the intent to distribute. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535.

In our opinion, the defendant has been accorded a fair trial free from prejudicial error.

No error.

Judges BRITT and HEDRICK concur.