State v. Clark

---

---

STATE OF NORTH CAROLINA v. PAUL CLARK

No. 732SC57

(Filed 13 June 1973)

Narcotics §§ 3, 4— analysis of portion of vegetable matter — testimony
    that matter was marijuana — presumption of possession for distribution

     A chemist was properly allowed to give opinion testimony that all the vegetable matter contained in four plastic bags was marijuana where he testified that the contents of the bags were emptied into one pile and microscopically examined for cross visual characteristics of marijuana and that a sample was then taken from the pile and chemically tested for marijuana; and where the chemist also testified that the contents of the four bags weighed 30.3 grams and that each bag contained more than 5 grams, such evidence raised the presumption of possession for distribution under G.S. 90-95(f)(3).

APPEAL from *Tillery, Judge,* 14 August 1972 Session, Superior Court, BEAUFORT County.

Defendant was convicted of possession of marijuana with intent to distribute. From judgment entered on the verdict of guilty, defendant appealed. He was represented at trial and is represented on appeal by counsel furnished by the State.

*Attorney General Morgan, by Assistant Attorney General Davis, for the State.*

*W. B. Carter for defendant appellant.*

MORRIS, Judge.

Evidence for the State tended to show the following: Agent Boyd found three plastic bags containing vegetable substance hidden in some bushes at the base of a gum tree with three sticks lying across the bags. This was just off Honey Pod Farm Road near Washington, N. C. He notified Officers Davis and Hales by radio and took a position across the road to watch. No one approached the scene until a car driven by one Haddock approached. It pulled off the road and defendant got out from the front center seat. Defendant went to the gum tree and when he came back, the plastic bags were sticking out his shirt. He returned to the car and got on the right front seat. The car drove off. As soon as the car left, Agent Boyd went to the tree and found that the bags were gone. He got a ride with a passing motorist, and some 400 or 500 yards down the road he found the car driven by Haddock had been stopped by Officers Davis and Hales. When told to get out of the car, Clark did so and threw three bags down. A fourth was voluntarily given to the officers. A small set of scales and a match box containing cigarette butts were taken from defendant at the time of his arrest. Two bags were found in the car.

S.B.I. Chemist Evans testified that he received the four bags in one envelope and the two in another and analyzed each envelope separately. He poured the contents of the four bags into a pile and analyzed the substance as marijuana. The same was true of the two bags in one envelope. The contents of the four bags weighed 30.3 grams and the contents of the two bags weighed 18.1 grams.

Defendant objected to question to the chemist "Would you state your opinion?", after the chemist had stated that he had an opinion as to what the green vegetable substance was which was contained in the two envelopes. The objection was overruled. Defendant objected to the introduction into evidence of Exhibits 1 and 2—the scales and a match box containing cigarette butts, and assigns as error the court's admitting into evidence Exhibits 1 and 2. In his brief he does not refer to these exhibits. They were, however, properly admitted into evidence.

On appeal, defendant contends that the opinion evidence of the chemist was inadmissible. He argues that because the contents of the four bags were placed in a pile and a sample from that pile analyzed, the evidence was inadmissible. The

State v. Clark

chemist testified that after he weighed the material, he looked at all of it under the microscope closely, moving it around and stirring it up, to get "an overall view." He was looking for gross visual characteristics of marijuana. At that point he had an opinion, but made further tests, all of which confirmed marijuana. He further testified that each bag contained more than five grams. Defendant urges that this evidence is not sufficient to carry the case to the jury nor to raise the presumption of possession for distribution created by G.S. 90-95 (f) (3). We are of the opinion that *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970), is adequate authority for the admission of the results of the tests conducted. G.S. 90-95 (f) (3) was held to be constitutional in *State v. Garcia*, 16 N.C. App. 344, 347-348, 192 S.E. 2d 2 (1972), cert. denied 282 N.C. 427, 192 S.E. 2d 837 (1972), where Judge Brock noted:

> "The statutory provisions of which defendants complain merely constitutes a rule of evidence for the establishment of a prima facie case; it does not deprive defendants of the presumption of their innocence nor relieve the State of its burden to prove their guilt beyond a reasonable doubt. The establishment of such a prima facie case will support, but it does not compel, a finding of guilty. Clearly there is a rational connection between the fact proved (possession of more than five grams of marijuana) and the ultimate fact to be established (possession of marijuana with the intent to distribute). We hold the challenged provisions of the statute to be constitutional."

See also *State v. John Junior McDougald,* 18 N.C. App. 407, 197 S.E. 2d 11 (1973).

Defendant had a fair and impartial trial free from prejudicial error.

No error.

Judges BROCK and PARKER concur.