STATE OF NORTH CAROLINA v. WALTER MAGGIO

No. 7312SC577

(Filed 26 September 1973)

Criminal Law § 149— declaration that statutory presumption is unconstitutional — no right of State to appeal

    The State cannot appeal from a declaration of the trial court, in a prosecution for possession of marijuana with intent to distribute, that the State is prohibited from using the presumptive rule of evidence created by G.S. 90-95(f)(3) and that the statute is unconstitutional only in that limited light, since the court's declaration is not a "judgment for the defendant" within the meaning of G.S. 15-179(6) and the State is not prevented from proceeding against defendant on the charge set out in the indictment.

APPEAL by the State from *Braswell, Judge,* 2 April 1973 Session of Superior Court held in CUMBERLAND County.

The defendant, Walter Maggio, was charged in a bill of indictment, proper in form, with the felonious possession of more than five grams of the controlled substance marijuana for the purpose of distribution.

Prior to entering a plea the defendant moved to quash the bill of indictment on the ground that "North Carolina General

Statute 90-95 (f) is unconstitutional." After hearing evidence offered by the defendant in support of his motion the trial court made findings of fact, conclusions of law and entered an order denying the motion to quash and declaring G.S. 90-95 (f) (3) unconstitutional. The order of Judge Braswell further declared, "The State will have the opportunity to go forward with this bill of indictment, exactly as written, and to offer evidence, if evidence it has, that the defendant possessed any quantity of marihuana with intent to distribute. However, the State will not have the benefit of the so-called presumptive rule of evidence. The State is prohibited from using the presumptive rule of evidence and only in that limited light is the statute declared unconstitutional."

The State appealed.

*Attorney General Robert Morgan and Associate Attorney Henry E. Poole for the State.*

*Ken Glusman, Assistant Public Defender, for defendant appellee.*

HEDRICK, Judge.

The court denied the only motion before it challenging the constitutionality of the statute under which the defendant was charged. The State can appeal from a "judgment for the defendant" which declares a statute unconstitutional. G.S. 15-179 (6). In this case, however, the trial judge's gratuitous declaration that "[t]he State is prohibited from using the presumptive rule of evidence and only in that limited light is the statute declared unconstitutional" is not a "judgment for the defendant" from which the State can appeal. The order from which the State attempted to appeal does not in any way prevent the State from proceeding against the defendant on the charge set out in the bill of indictment; and if the State should elect to prosecute the defendant, any difficulty the court might have with respect to the constitutionality of G.S. 90-95 (f) (3) would be obviated by an adherence to the decision of this court filed 25 October 1972 in *State v. Garcia*, 16 N.C. App. 344, 192 S.E. 2d 2 (1972), cert. denied 282 N.C. 427, 192 S.E. 2d 837. See also *State v. McDougald*, 18 N.C. App. 407, 197 S.E. 2d 11 (1973); *State v. McGee*, 18 N.C. App. 449, 197 S.E. 2d 63 (1973).

Since we do not have before us a "judgment for the defendant" declaring G.S. 90-95 (f) (3) unconstitutional from which the State can appeal, the appeal is dismissed.

Judges CAMPBELL and MORRIS concur.