STATE OF NORTH CAROLINA v. LESLIE EARL HADDOCK

No. 732SC65

(Filed 14 November 1973)

**Narcotics § 4— possession of marijuana with intent to distribute — sufficiency of evidence**

Evidence was sufficient to withstand defendant's motion for nonsuit in a prosecution for possession of marijuana with intent to distribute where it tended to show that defendant had in his possession and control an automobile when marijuana was found therein, that, though the automobile was owned by defendant's brother, it had been in defendant's possession for several hours prior to discovery of the marijuana, that defendant was in possession of the automobile at the time, a few minutes prior to his arrest, when a quantity of marijuana was brought into it, and this was made possible only by defendant's actions in stopping and parking his car at a place where this might conveniently be accomplished.

APPEAL by defendant from *Tillery, Judge,* 14 August 1972 Session of Superior Court held in BEAUFORT County.

Defendant was charged in a bill of indictment, proper in form, with felonious possession of marijuana with intent to distribute. He pled not guilty, was found guilty as charged, and from judgment sentencing him to prison for the term of 18 months, appealed.

*Attorney General Robert Morgan by Assistant Attorney General Walter E. Ricks III for the State.*

*James V. Rowan for defendant appellant.*

PARKER, Judge.

The charge against defendant was consolidated for trial with similar charges against one Clark and others. Clark was also convicted and appealed to this Court, which found no error in opinion reported in *State v. Clark,* 18 N.C. App. 473, 197 S.E. 2d 81.

Defendant in the present appeal first assigns error to the court's refusal to grant his motion for nonsuit, contending that the evidence was insufficient to warrant a jury finding that he possessed any marijuana. In substance the State's evidence showed the following: Officer Boyd, an ABC officer, discovered three plastic bags containing green vegetable matter hidden in the bushes near the Honey Pod Farm Road in Beaufort County. After notifying the sheriff's department of this find, he remained hidden some distance away. After about an hour and at about 1:05 p.m., he observed a car, driven by defendant Haddock and containing five other young men, pull off and park on the shoulder of the road. Officer Boyd observed Clark get out from the center front seat, cross the road, and go to the spot where Boyd had seen the plastic bags. When Clark came back across the road, the officer observed that he had the plastic bags sticking out of his shirt. Clark got back in the right front seat of the car, which drove away. The car, still being driven by defendant Haddock, was stopped a short distance away on Honey Pod Farm Road by members of the sheriff's department who had been alerted by radio communication from Officer Boyd. The officers asked Clark to get out of the car. As he did so, the officers saw him throw away three plastic bags, which were recovered. Later, Clark voluntarily turned over a fourth bag to the officers. The officers arrested all six occupants of the car. At the officers' direction, defendant Haddock, accompanied by an officer, then drove his car to the police station in Washington, where it was searched, without objection. This search resulted in the discovery of two additional small plastic bags under the rear of the front seat at a point toward the middle of the car. Upon analysis, the contents of all six bags were found to be marijuana. The contents of the four bags found in Clark's possession weighed 30.3 grams and the contents of the two bags found under the front seat weighed 18.1 grams.

Defendant testified that he had borrowed the car that day from his brother who owned it, that he had left it unlocked in a public park from 10:30 a.m. until 12:30 p.m., and that upon

his return to the car Clark had requested a ride home, to which he agreed. At that time one of the other defendants asked if the other young men could also have a ride, to which defendant also agreed. As they rode down Honey Pod Farm Road, Clark requested defendant to stop the car, which he did. Defendant testified that he paid no particular attention to where Clark went, did not observe the marijuana on Clark when the latter returned to the car, and that when he was stopped by the officers, he did not know there was any marijuana in the car. Defendant testified further that he did not object to the search of his car at the police station and that he did not own, possess or control the marijuana found under the seat or that found in Clark's possession. The other defendants, with the exception of Clark, also testified that Clark had requested defendant to stop on Honey Pod Farm Road and that they did not see the marijuana in Clark's possession when he came back to the car.

When the evidence is viewed in the light most favorable to the State and when the State is given the benefit of every reasonable inference to be drawn, therefrom, we find it sufficient to withstand defendant's motion for nonsuit. "An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706. Here, the automobile, though owned by defendant's brother, was in defendant's possession and subject to his control when the marijuana was found therein. It had been in his possession and under his control for several hours prior thereto. Defendant was sitting in and in control of the automobile at the time, a few minutes prior to his arrest, when a quantity of marijuana was brought into it, and this was made possible only by defendant's actions in stopping and parking his car at a place where this might be conveniently accomplished. Two bags of marijuana were found underneath the seat on which defendant was sitting. Under these circumstances it was a reasonable inference for the jury to draw that defendant knew of the presence of the marijuana in the automobile and that he had both the power and intent to control its disposition. His motion for nonsuit was properly denied.

Appellant assigns error to the portion of the charge in which the court instructed the jury as to the effect of the presumption arising under G.S. 90-95 (f) (3) from the fact of unlawful possession of more than five grams of marijuana. Appellant does not attack the form of the trial judge's instructions in this connection, but questions the validity of the statutory presumption itself, contending that no sufficient connection exists between the fact proved, i.e., unlawful possession of more than five grams of marijuana, and the fact to be inferred, i.e., intent to distribute. This question has already been decided adversely to appellant's contention, *State v. Garcia,* 16 N.C. App. 344, 192 S.E. 2d 2, cert. den., 282 N.C. 427, 192 S.E. 2d 837; *State v. Clark, supra,* and we adhere to these decisions.

We have carefully examined appellant's remaining assignments of error, all of which relate to portions of the court's charge to the jury, and find them without merit. Considered contextually and as a whole the charge was free from prejudicial error. In defendant's trial and in the judgment appealed from, we find

No error.

Chief Judge BROCK and Judge MORRIS concur.