**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Donald Lloyd EDWARDS, Defendant-Appellant.**

**No. 36104.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 25, 1975.

Charles D. Kitchin, Public Defender, Thomas J. Prebil, and James C. Jones,

Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., and Preston Dean, Asst. Atty. Gen., Jefferson City, and Brendan Ryan, Circuit Atty., and Mark A. Brown, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Presiding Judge.

Defendant-appellant, Donald Lloyd Edwards, was charged, tried, found guilty by a jury and sentenced by the court for the offense of possession of a quantity of marihuana in excess of thirty-five grams, a felony. §§ 195.017(1), (4), 195.020, 195.200. RSMo Supp.1973, V.A.M.S.

The principal issue on this appeal, which has not heretofore been decided in this state, is whether there was sufficient evidence presented at trial to submit the issue that defendant possessed a quantity of marihuana in excess of thirty-five grams. For reasons hereinafter stated, we conclude that there was sufficient evidence to submit the issue to the jury and hence affirm the judgment of conviction.

We consider the evidence in the light most favorable to the state. State v. Todd, 477 S.W.2d 725, 728 (Mo.App.1972). At about 1:25 a. m. on the morning of November 17, 1973, two police officers in their marked vehicle were patrolling the area near East Grand and 20th Streets in the City of St. Louis. As they patrolled the area, they saw a man walking south on 20th Street near the intersection, carrying a brown paper bag. He looked back over his shoulder, "speeded up his stride" and went into an alley some distance from the intersection. The patrol car followed the man into the alley and as the vehicle turned into the alley, the man "threw a bag, the brown bag in which he had placed in his left hand, and threw it forward, in front of him and to the side, about the distance—seven or eight feet from him." When the bag was thrown down, the police vehicle was about a car length from him. The officers stopped the vehicle, one seized the man, who was Donald Lloyd Edwards, and the

other officer "picked up the bag, examined the contents and found it to be a green vegetable substance which we believed to be marijuana." He was placed under arrest for "violation of Missouri controlled substance law, possession of marijuana." The bag and contents were turned over to the police laboratory.

Trial began March 6, 1974. One of the witnesses for the state was Dr. Lloyd Hill, a criminalist. Dr. Hill is employed by the laboratory division of the St. Louis Police Department, has a Ph.D. in chemistry from Iowa State University and has analyzed over "1,200 · positive specimens [of marihuana] prior to this case."

Dr. Hill testified that he examined and made an analysis of the contents, and analyzed the "green vegetation." His analysis disclosed the presence of marihuana, and that the amount "of marijuana" in the bag, excluding the bag, seed material and the stems, amounted to 120.40 grams, or slightly over four ounces. On cross-examination, he stated that there were two types of tests used to determine the presence of marihuana—a microscopic test and a chemical test. The microscopic test is "basically a comparison test" on "known samples of marijuana that I have seen." The other test is the chemical test using three solutions which consumes the amount tested. He testified that "only the leaf fragments were weighed" after sifting the stems and seeds. He admitted that he did not test all of the contents but only a "representative sample." He explained—"If I take a sample of the ground material that appears to be homogeneous—in other words, avoiding the seeds and stems—if it's non-homogeneous I would have to sample each part that looked different. But, if it all looks relatively the same under the naked eye, then I take a random sampling."

On redirect, when asked: "Q . . . Your testimony is that there are 120.40 grams of marijuana present in that bag?", Dr. Hill replied—"Yes."

At the close of the evidence, defendant moved for a judgment of acquittal on the ground that the state "has not shown that

at any time was Mr. Edwards in possession of marijuana in excess of 35 grams . . . ." Counsel argued that Dr. Hill admitted he tested only a "small" sample out of a total amount, and therefore it has not been shown that defendant possessed a quantity in excess of 35 grams. The motion was overruled. The jury returned a verdict of guilty.

On the hearing on the motion for new trial, the attorney for the state informed the court that Dr. Hill had stated: "[T]o come up with a weight of 35 grams out of the gross weight of the material they have, they have to grind up what is present . . . they have to sift the stalks and seeds out, and it's only the leaf fragments that can be determined in the net weight to try and reach the 35 gram level. . . . [A]fter that process is done . . . there can be as many as 20,000 leaf fragments left in a composition of 35 grams. He [Dr. Hill] then said that to run a chemical test and chemically try 35 grams of marihuana in that condition would be just about impossible, because he said that he would then have to run a separate chemical test on each one of those 20,000 fragments. . . . So, therefore, that's why he says he would have to test each one of the 20,000 fragments individually, and he said this test, the way that they do it by taking this representative sample, is the standard test accepted in the scientific community."

Counsel for defendant continued to insist that the state failed to show that defendant possessed the required quantity. The court overruled the motion and sentenced defendant to three and one-half years in the Department of Corrections.

Defendant appeals. On this appeal, his only point is that the court erred in denying the motion for judgment of acquittal for the reason that the state failed to prove that the defendant possessed a quantity of marihuana in excess of the required statutory amount.

He argues (1) that there is no showing that the 120.40 grams was "pure" marihuana, because other vegetable substances which are similar in appearance may have been present so as to dilute the marihuana, or in other words that the state did not prove the absence of other vegetable substances so as to show the presence of 35 grams of marihuana, and (2) the chemical analysis employed would show a positive result whenever there is any marihuana present in a given representative sample.[1] Therefore, appellant argues that unless each leaf fragment is tested it is impossible to determine by means of the standard chemical test how much marihuana is present. Even if the entire amount is consumed in a test, it is unnecessary, argues appellant, to produce the substance at trial.

The state on the other hand contends that the court did not err in overruling the motion and argues that if there is evidence which reasonably produces a logical and legitimate deduction of the fact required to be proved, a submissible case is made.

In 1971, our General Assembly passed a comprehensive controlled substance law (H.B.69)[2] which, inter alia, made it a felony to possess "more than thirty-five grams of marihuana or more than five grams of hashish."[3] § 195.200, subsection 1(1)(b).

1. On the hearing on the motion for new trial, attorney for the state indicated that Dr. Hill "said that if he took ten fragments and put them together at the same time and if, say, only two of these ten fragments were marijuana and the other eight fragments were tobacco, or oregano or whatever, the test would still come up positive just because some of it was marijuana. So, therefore, that's why he says he would have to test each one of the 20,000 fragments individually . . . ."

2. Other states have similar laws. See list in 12 V.A.M.S. (1975 Supp.) p. 24 and Federal Controlled Substances Act, 21 U.S. C.A. § 801 et seq.

3. Numerous states recently have made a specific weight the dividing line between misdemeanor and felony: Fla.Stat.Ann. § 893.13 (1)(f) (Supp.1973) (5 grams); Idaho Code § 37-2732(e) (Supp.1971) (3 ounces); Ill. Stat.Ann., ch. 56½, § 704 (Supp.1971) (30 grams); Minn.Stat.Ann. § 152.15(2)(5)

The point to be decided here is what proof is necessary to submit to the jury that the defendant possessed "more than thirty-five grams." Defendant with vigor argues that the state must show that the quantity in excess of thirty-five grams is marihuana unadulterated by any foreign substance and contains nothing but marihuana as defined in the statute. § 195.-010(20), RSMo 1973 Supp.[4]

The accepted scientific tests to determine the presence of marihuana are both microscope and chemical as testified to by Dr. Hill.[5] Dr. Hill positively testified that upon his analysis of the green vegetation there were 120.40 grams of "marijuana" in the bag, excluding the seed material and the stems. He further testified that he analyzed the "green vegetation" microscopically and chemically, and that these tests were made of the representative, homogeneous sample from the contents of the bag which all looked "relatively the same under the naked eye." He has analyzed "over 1,200 positive specimens prior to this case," and he concluded that his analysis disclosed the presence of 120.40 grams, net weight, of marihuana in the bag.

We believe that under these circumstances, there was sufficient evidence to submit to the jury that the defendant possessed a quantity of marihuana in excess of thirty-five grams, and hence the trial court did not err in overruling the motion for judgment of acquittal.

The parties have not referred us to, nor has our research disclosed, any other decision in Missouri which disposes of the issue presented here.[6]

But where similar issues involving narcotics have been raised in other jurisdictions, it has been held that where a sample is tested and the evidence reasonably produces a logical and legitimate deduction of the fact required to be proved, a submissible case is made and the issue is one for the jury. State v. Riera, 276 N.C. 361, 172 S.E.2d 535, 539 (1970). See also State v. Vigil, 86 N.M. 388, 524 P.2d 1004, 1007–1008 (1974); Vaughn v. State, 477 S.W.2d 260 (Tenn.Cr.App.1971); State v. Clark, 18 N.C.App. 473, 197 S.E.2d 81 (1973); State v. Mosier, 83 N.M. 213, 490 P.2d 471 (1971); Cf. Fierst v. Commonwealth, 210 Va. 757, 173 S.E.2d 807 (1970).

(Supp.1973) ("a small amount"); Rev.Code Mont. § 54–133(b) (Supp.1974) (60 grams); Nev.Rev.Stat. § 453.336(3) (Supp.1973) (1 ounce); N.J.Stat.Ann. § 24:21–20(a)(3) (Supp.1971) (25 grams); N.M.Stat.Ann. § 54–11–23(B) (Supp.1972) (8 ounces); N.C. Gen.Stat. § 90–95(d)(4) (Supp.1973) (1 ounce); S.C.Code § 32–1510.49(d)(3) (Supp. 1971) (28 grams); S.D.Laws § 39–17–96 (Supp.1974) (1 ounce); Tenn.Code Ann. § 52–1432(a)(3) (Supp.1973) (½ ounce); Vernon's Ann.Tex.Rev.Civ.Stat., art. 4476–15, § 4.05 (Supp.1973) (4 ounces).

4. " 'Marihuana' means all parts of the plant Cannabis Sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination."

5. See Moenssens, Moses and Inbau, Scientific Evidence in Criminal Cases (1973). " . . . Microscopically, the leaves, seed hulls, small twigs and flowering tops display a warty appearance as a result of single-celled hair-like fibers, some of which resemble bear claws. . . . Chemically, the Duquenois test is the principal test . . . . The test procedure involves the application of Duquenois' reagent [acetaldehyde and vanillin in alcohol solution] to an extract of the sample, or directly to the sample. Concentrated hydrochloric acid is added. At this juncture a color will develop in the solution. The solution is drawn off and placed in a test tube with chloroform. If marihuana is present, a violet color is transferred from the solution to the layer of chloroform which settles to the bottom because of its weight. . . ." Moenssens, Moses and Inbau, supra, at 277.

6. See State v. Davis, 510 S.W.2d 790 (Mo. App.1974); and State v. Davis, 510 S.W.2d 792 (Mo.App.1974), where it was "stipulated" that chemical analysis of the contents of the brown paper bag disclosed that it contained approximately 1000 grams of marihuana.

We do not believe that our statute requires that each and every leaf fragment must be tested individually to determine whether it is marihuana. The law does not demand impossibilities. It is sufficient if a reasonable representative sample of homogeneous substance is tested by accepted scientific tests and that an expert with experience in testing and examining the hallucinogen conclude that the substance contains the sufficient amount required by the statute.

Since we believe that there was sufficient evidence under the circumstances of this case to submit to the jury that the contents of the brown bag contained more than thirty-five grams of marihuana and that the trial court did not err in overruling the motion for judgment of acquittal, we affirm the judgment.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.