STATE OF NORTH CAROLINA v. ROMEO GAMBLE

No. 8014SC886

(Filed 17 February 1981)

1. Criminal Law § 143.1— notice of probation revocation hearing

Defendant was given sufficient written notice of his probation revocation hearing where defendant was served with an arrest order which alleged that defendant failed to comply with the probation judgment in an action charging false pretenses, and defendant signed a waiver of counsel form ten days prior to the hearing which acknowledged that he had been informed of the charges against him.

2. Criminal Law § 143.4— probation revocation hearing — prior waiver of counsel — failure to ascertain waiver at time of hearing

The trial court did not err in failing to ascertain at the time of a probation revocation hearing whether defendant knowingly and intelligently waived his right to counsel where defendant had executed a written waiver of counsel ten days prior to the hearing, and there was no indication at the hearing that defendant desired to withdraw his waiver of counsel.

3. Criminal Law § 143.2— probation revocation hearing — right to remain silent

The trial court at a probation revocation hearing was not required to inform a defendant who was unrepresented by counsel of his constitutional right to remain silent at the hearing.

4. Criminal Law § 143.5— probation revocation hearing — probation violation report — no denial of cross-examination

Defendant was not denied his right of cross-examination at a probation revocation hearing because the State read the probation violation report into the record and presented no witnesses against defendant where defendant failed to request that he be allowed to examine his probation officer or anyone else.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 17 July 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 4 February 1981.

On 8 March 1978 defendant pleaded guilty to attempting to obtain property by false pretense and was sentenced to three years imprisonment. This sentence was suspended and defendant was placed on probation for three years under the usual terms and conditions of probation and under the special condition that he pay the costs and a fine of $200 under the supervision of his probation officer.

A violation report was filed against defendant dated 11 June

1980. The report alleged that defendant was in arrears in the amount of $181 on his "court debt," and that he had failed and refused to report to his probation officer as ordered. An order for arrest for this violation, also dated 11 June 1980, was issued against defendant. The order was executed on 4 July 1980.

At the probation revocation hearing on 17 July 1980 the State read the probation violation report into the record. Defendant then testified in his own behalf. The trial court found that defendant had willfully violated the conditions of probation and ordered that the suspension of his three year sentence be revoked. Defendant appeals from a judgment revoking his probation and ordering imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Archbell & Cotter, by William J. Cotter and James B. Archbell, for defendant-appellant.*

WHICHARD, Judge.

Despite defendant's failure to cite pertinent assignments of error and exceptions immediately following the questions in his brief as required by App. R. 28(b)(3), it appears that he has preserved four of the seven assignments of error set forth in the record.

[1] Defendant first assigns error to the failure of the State to provide him with written notice of the revocation hearing pursuant to G.S. 15A-1345(e). He contends that this failure was a violation of his due process rights. G.S. 15A-1345(e) provides, in pertinent part: "The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged. The notice, unless waived by the probationer, must be given at least 24 hours before the hearing." The record on appeal contains no evidence that the violation report was served on defendant. It does, however, contain evidence that the order for arrest was executed 13 days prior to the hearing. In *State v. Baines*, 40 N.C.App. 545, 253 S.E.2d 300 (1979), this Court held that an order for arrest served on the defendant there "constituted sufficient notice in writing of his probation revocation hearing in apt time to afford him a reasonable opportunity to be heard." *Baines*, 40 N.C.App. at 551, 253 S.E.2d at 304. The order for arrest in *Baines* read: "The defendant named above having failed to comply with the terms and conditions of the

probation judgment in an actions (sic) charging breaking and entering and larceny YOU ARE DIRECTED TO ARREST THE DEFENDANT . . . ." *Baines,* 40 N.C.App. at 550, 253 S.E.2d at 303. The defendant here was served with an arrest order which read: "The defendant named above failed and refused to comply with the Probation Judgment of this Court in action charging False Pretenses." The language of the arrest order here is essentially the same as that in the arrest order in *Baines,* and we find the holding in *Baines* dispositive of the issue raised here. In addition, ten days prior to the hearing defendant here signed a waiver of counsel form which acknowledged that he had been informed of the charges against him. We therefore overrule this assignment of error.

**[2]**   Defendant also assigns error to the failure of the trial court at the time of the hearing to ascertain whether or not he knowingly and intelligently waived his right to counsel. On 7 July 1980, ten days prior to the hearing, defendant executed the following written waiver:

### WAIVER OF RIGHT TO HAVE ASSIGNED COUNSEL

The undersigned represents to the Court that he has been informed of the charges against him, the nature thereof, and the statutory punishment therefor, or the nature of the proceeding, of the right to assignment of counsel, and the consequences of a waiver, all of which he fully understands. The undersigned now states to the Court that he does not desire the assignment of counsel, expressly waives the same and desires to appear in all respects in his own behalf, which he understands he has the right to do.
s/ ROMEO GAMBLE
Sworn to and subscribed before me this 7 day of July 1980.
s/ Sue Clayton
Clerk of Superior Court

### CERTIFICATE OF JUDGE

I hereby certify that the above named person has been fully informed in open court of the nature of the proceeding or of the charges against him and of his right to have counsel assigned by the Court to represent him in

this case; that he has elected in open Court to be tried in this case without the assignment of counsel; and that he has executed the above waiver in my presence after its meaning and effect have been fully explained to him.

This the 7th day of July, 1980.

s/ D.M. MCLELLAND

Signature of Judge

In *State v. Watson*, 21 N.C.App. 374, 204 S.E.2d 537 (1974), the defendant executed a similar waiver prior to his district court trial. He then appealed to superior court and was convicted. This Court held:

The waiver in writing once given [is] good and sufficient until the proceeding [including both the district and superior court trials] finally terminate[s], unless the defendant himself makes known to the court that he desires to withdraw the waiver and have counsel assigned to him. The burden of showing the change in the desire of the defendant for counsel rests upon the defendant.

*Watson*, 21 N.C.App. at 379, 204 S.E.2d at 540 (1974). There was no indication that defendant here desired to withdraw his waiver of counsel. In fact, at the hearing, the court asked defendant if he was represented by counsel. He responded, "No, I don't think I need no lawyer. I just wanted to tell my part." This assignment of error is overruled.

**[3]** Defendant further assigns error to the failure of the court to inform him of his constitutional right to remain silent at the revocation hearing. He argues that when a defendant is unrepresented by counsel and "the State presents no evidence" of the probation violation, the court has an obligation to inform defendant of this right; and that when the court failed to inform him and then proceeded to question him about the alleged violation he was "compelled to be a witness against himself."

Defendant's allegation that the State presented no evidence is erroneous, because introduction of the sworn probation violation report constituted competent evidence sufficient to support the order revoking his probation. *State v. Duncan*, 270 N.C. 241, 154 S.E.2d 53 (1967). Further, the court was under no obligation to inform defendant of his right to remain silent because he had

voluntarily waived his right to counsel. "A defendant appearing *pro se* by his own choice does so at his peril and does not automatically become a ward of the court." *State v. McDougald*, 18 N.C.App. 407, 410, 197 S.E.2d 11, 13 (1973). "The court is not required to represent a defendant who chooses to be his own counsel, but, rather, a trial judge sits as an impartial arbiter to see that justice is done between the accused on the one hand and society on the other." *McDougald*, 18 N.C.App. at 410, 197 S.E.2d at 13. We find no merit in this assignment of error.

**[4]** Defendant finally contends he was denied the right of cross-examination of adverse witnesses, because the State merely read the probation violation report into the record. The State presented no witnesses against the defendant, and defendant failed to request that he be allowed to examine his probation officer or anyone else. In *Duncan*, the North Carolina Supreme Court overruled an assignment of error based on identical facts, stating that the record failed to support defendant's contention. 270 N.C. 241, 154 S.E.2d 53 (1967). We thus overrule defendant's assignment of error here.

The judgment finding that defendant failed to comply with the terms and conditions of probation, revoking the prior suspension of sentence, and ordering imprisonment of the defendant is

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.