STATE OF NORTH CAROLINA v. CURTIS S. CROUCH

No. 8412SC1006

(Filed 7 May 1985)

Criminal Law § 143.7— probation revocation—inability to comply with conditions— counsel's statements not evidence

    The trial court was not under a duty to make specific findings with respect to defendant's alleged inability to comply with the terms of his probation where defendant's position was related through the statements of his counsel. Counsel's statements were not competent evidence; the burden is on defendant to present competent evidence of his inability to comply. G.S. 15A-1345(c), G.S. 8C-1, Rule of Evidence 1101 (Cum. Supp. 1983).

APPEAL by defendant from *Preston, Judge*. Judgment entered 24 May 1984 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 3 April 1985.

Defendant was convicted of sale and delivery of a controlled substance. On 12 October 1981, the trial court entered a judgment

committing defendant to not less than one nor more than three years imprisonment, suspended the sentence and imposed conditions of probation. The terms of the probation judgment which are relevant to this appeal are:

. . .

(g) Report to the probation officer at reasonable times and in a reasonable manner, as directed by the court or the probation officer.

. . .

(n) Monies totalling $336.00 are to be paid into the Office of the Cumberland County Clerk of Superior Court under supervision of Probation at the rate of not less than $25.00 per month with first payment due on or before November 12, 1981 and each month thereafter until paid in full.

. . .

On 16 June 1983, defendant's probation officer filed a probation violation report in which he alleged that defendant had not reported to him on a monthly basis and that defendant had failed to make payments to the clerk of court as required.

A revocation hearing was held on 21 May 1984. Defendant's counsel stipulated that the allegations in the probation violation report were true, but defendant's counsel made representations to the court that the defendant had justifiable reasons for failing to comply. The court entered a judgment finding that defendant had willfully and without lawful excuse violated the terms of the probation judgment, revoked defendant's probation and committed defendant to the three year prison term imposed at defendant's trial.

Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*K. Douglas Barfield for defendant.*

State v. Crouch

WELLS, Judge.

By his single assignment of error, defendant contends that the trial court erred by revoking his probation. He argues that the court failed to make proper findings of facts to support its finding and conclusion that defendant's failure to comply with the terms of probation was willful or without lawful excuse. We do not agree.

Essentially, defendant's argument is to the effect that his evidence tended to establish defendant's inability to comply with the terms of his probation, and that the trial court's judgment fails to make the finding necessary to resolve the issue raised by that evidence.

In *State v. Young*, 21 N.C. App. 316, 204 S.E. 2d 185 (1974), this court held that where a defendant has presented competent evidence of his inability to comply with the terms of his probation, he is entitled to have that evidence considered and evaluated before the trial court can properly order revocation. *Accord State v. Sellars*, 61 N.C. App. 558, 301 S.E. 2d 105 (1983); *State v. Smith*, 43 N.C. App. 727, 259 S.E. 2d 805 (1979). *See also* N.C. Gen. Stat. § 15A-1345 (1983). In *Young*, this court also made it clear that the burden is on the defendant to present competent evidence of his inability to comply; and that otherwise, evidence of defendant's failure to comply may justify a finding that defendant's failure to comply was willful or without lawful excuse. It is this requirement that defendant failed to meet in this case.

Defendant presented no evidence. His position with respect to his inability to comply was related through the statements of his counsel. We hold that counsel's statements were not competent evidence, and that the trial court was not, therefore, under a duty to make specific findings with respect to defendant's alleged inability to comply. In reaching this position, we are aware that G.S. § 15A-1345(c) provides that formal rules of evidence do not apply at revocation hearings. *See also* N.C. Gen. Stat. § 8C-1, Rule of Evidence 1101 (Cum. Supp. 1983). Our review of representative cases discloses no circumstances where statements of counsel have been treated as evidence, while the cases repeatedly state that the findings and conclusions of the trial court in such hearings must be based on competent evidence.

Defendant having stipulated that the allegation as to his probation violations were true, and having presented no evidence as to his inability to comply with the terms of his probation, the judgment of the trial court must be and is

Affirmed.

Chief Judge HEDRICK and Judge MARTIN concur.