HUNTER, Judge.
Gregory Deltarosa Spell ("defendant") pled guilty on 10 May 2001 to three counts of felonious child abuse. The court imposed three terms of twenty-three to thirty-seven months to run consecutively. The court suspended the sentences and placed defendant on intensive probation. Defendant's probation officer signed violation reports on 21 March 2002, 5 June 2002 and 9 July 2002. On 15 July 2002, defendant appeared for a probation revocation hearing before Judge James Floyd Ammons, Jr. Judge Ammons continued the hearing for two weeks. Defendant failed to appear for this hearing. On 21 January 2003, defendant appeared for a probation revocation hearing before Judge Ola M. Lewis. At the conclusion of the proceeding, Judge Lewis ordered activation ofdefendant's sentences. On 18 June 2003, defendant filed a motion for appropriate relief. Judge E. Lynn Johnson reviewed the file and the transcripts of prior hearings, and on 8 October 2003 entered an order concluding that while defendant admitted to the violations, the court failed to make findings that any violation had occurred, as required by N.C. Gen. Stat. § 15A-1345. Consequently Judge Johnson awarded defendant a new probation revocation hearing. Judge Ammons conducted the probation revocation hearing on 18 November 2003. Defendant appeared before the court and admitted that he committed the violations alleged in the reports. Defendant offered reasons and explanations for committing the violations. Judge Ammons found and concluded that defendant willfully and without lawful excuse committed the violations. He entered judgment revoking probation and activating the sentences. He ordered that the sentences run concurrently.
By his sole assignment of error, defendant contends that the court erred in finding that he willfully violated his probation. He argues the evidence shows that he made a good faith effort to comply with the monetary conditions of probation.
"Probation is an act of grace by the State to one convicted of a crime." State v. Freeman, 47 N.C. App. 171, 175, 266 S.E.2d 723, 725, disc. review denied, 301 N.C. 99, 273 S.E.2d 304 (1980). A probationer "carries the keys to his freedom in his willingness to comply with the court's sentence." State v. Robinson, 248 N.C. 282, 285, 103 S.E.2d 376, 379 (1958). To revoke probation:
All that is required . . . is that the evidence be such as to reasonably satisfy thejudge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended.
State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). The defendant has the burden of showing excuse or lack of willfulness and if the defendant fails to carry this burden, evidence of failure to comply is sufficient to support a finding that the violation was willful or without lawful excuse. State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985). The judge's finding of a willful violation that is supported by competent evidence will not be disturbed on appeal absent a showing of manifest abuse of discretion. State v. Guffey, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960).
The court found defendant willfully committed the following violations: (1) he failed to schedule or complete any community service hours; (2) he failed to pay his court indebtedness, having fallen in arrears in the amount of $80.00; (3) he failed to pay the monthly probation supervision fee, having fallen in arrears in the amount of $130.00; and (4) he failed to keep scheduled appointments with TASC and failed to follow TASC's recommendation for substance abuse treatment. At the hearing, defendant stated that he waited too late to sign up for community service. He further acknowledged that he was in arrears in the monetary obligations. He stated that he would allow the arrearage to accrue to $300.00 before he would pay. He also stated that he refused to attend TASC treatment sessions and to submit to urinalysis for the presence of controlledsubstances because of a counselor's impatience with defendant in producing a urine sample. After being assigned to mental health treatment, defendant told the instructor that he was there "playing a game."
The foregoing statements of defendant demonstrate that he willfully and without lawful excuse violated the conditions of probation. The court's finding of a willful violation is supported by evidence and the court did not abuse its discretion by revoking probation and activating the sentences.
The judgments are
Affirmed.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).