CALABRIA, Judge.
On 27 June 2002, Lacy Leroy Murchison, Jr. ("defendant") pled guilty to discharging a weapon into occupied property and larceny from the person. Defendant was sentenced to a term of 23 to 37 months' imprisonment. In accordance with the plea agreement, defendant's sentence was suspended and defendant was placed on supervised probation for twenty-four months. Defendant's probation was modified on 27 February 2003. As a condition of the modified probation, defendant was required to pay monetary fees and to attend and participate in the local Criminal Justice Partnership Program (TASC). On 25 April 2003, a probation violation report was filed alleging defendant had failed to comply with the terms of his probation. Specifically, the report alleged defendant was in arrears for the monetary obligation of his probation and had failed to attend or participate in the TASC program. On 20 October 2003, a probation violation hearing was held in Lee County Superior Court. Defendant admitted to the allegations in the probation violation report. Defendant's probation officer, Nicola Blue ("Ms. Blue"), stated that defendant's main violation was the monies in arrears. Ms. Blue's understanding was that the defendant's girlfriend was prepared to pay $200 on the amount owed. Ms. Blue went on to say that the defendant claimed not to know he was required to attend the TASC program. Defendant did not offer any excuse for his violations, simply stating that he worked with his father driving trucks, as he had done for years. The court revoked defendant's probation and activated his suspended sentence. Defendant appeals.
I. Revocation of Probation
Defendant first argues that the trial court erred in revoking his probation based solely on unsworn statements from the district attorney, probation officer, and defense attorney. Defendant specifically argues that the probation violation hearing was a criminal prosecution and, therefore, any testimony should have been given under oath. We are not persuaded.
Proceedings revoking "probation [are] often regarded as informal or summary." State v. Tennant, 141 N.C. App. 524, 526, 540S.E.2d 807, 808 (2000) (quoting State v. Duncan, 270 N.C. 241, 246, 154 S.E.2d 53, 57 (1967)). In State v. Monk, this Court stated:
A proceeding to revoke probation is not a criminal prosecution but is a proceeding solely for the determination by the court whether there has been a violation of a valid condition of probation so as to warrant putting into effect a sentence theretofore entered; and while notice in writing to defendant, and an opportunity for him to be heard, are necessary, the court is not bound by strict rules of evidence, and all that is required is that there be competent evidence reasonably sufficient to satisfy the judge in the exercise of a sound judicial discretion that the defendant had, without lawful excuse, willfully violated a valid condition of probation.
132 N.C. App. 248, 252, 511 S.E.2d 332, 334-35 (1999) (quoting State v. Pratt, 21 N.C. App. 538, 540, 204 S.E.2d 906, 907 (1974) (citations omitted)). Besides the statement by defendant's probation officer that defendant was behind on his payments and that the defendant had not been attending or participating in the TASC program, defendant admitted to the probation violations. As such, this appeal does not implicate the issue of whether the unsworn statements are sufficient to support defendant's probation revocation, and this assignment of error is overruled.
II. Due Process of the Law
The defendant's second argument is that he was denied due process at his probation revocation hearing. Specifically, defendant contends his due process rights were denied because he was not "invited to speak [,] . . . present relevant information [or] . . . cross-examine the witnesses against him." However, the transcript reveals that neither defendant, nor his attorney, eitherasked to address the court or attempted to present relevant information (through presentation of witnesses, cross-examination, or otherwise) concerning the probation violations. Indeed, the record and defendant's brief are bereft of any mention of the "relevant information" that defendant alleged he was not permitted to proffer. Thus, we conclude defendant has not been denied due process of the law.
III. Findings of Fact Sufficient to Support Revocation of Probation
Defendant's third argument is that the court erred in revoking defendant's probation without making sufficient findings of fact as to each condition that it deemed to be violated. We disagree. The Judgment and Commitment Upon Revocation of Probation, form AOC-CR-607, was completed in every essential detail. In this document, the trial court made findings that defendant violated the first and second paragraphs of the probation violation report at issue. Although a trial court is required to fully consider the wilfulness of a defendant's probation violations and any proffered lawful excuses, "the burden is on the defendant to present competent evidence of his inability to comply; . . . otherwise, evidence of defendant's failure to comply may justify a finding that defendant's failure to comply was willful or without lawful excuse." State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985). In the instant case, with respect to at least one of the violations, the arrearage on the money defendant was ordered to pay as a condition of probation, defendant admitted to the violation and did not assert that his noncompliance was not willful. Rather, defendant requestedthat the trial court not revoke his probation because he was willing to rectify the violation by making a payment. As the trial court found that each violation, standing alone, was a sufficient basis to revoke defendant's probation, and defendant offered no explanation of why he violated the monetary payment condition of his probation, the trial court's finding as to this violation is clearly sufficient, and this finding supports the trial court's decision to revoke defendant's probation.
IV. Abuse of Discretion in Revoking Probation
Defendant's fourth argument is that the trial court abused its discretion in revoking defendant's probation and activating his sentence. Defendant contends the probation officer's statement that defendant's girlfriend was prepared to make a payment on the monies owed by defendant implied that neither the State nor the probation officer was seeking revocation. Defendant also contends that he was not made aware of the requirement that he attend and participate in the TASC program.
After careful review of the record, briefs and contentions of the parties, we find no error. "Any violation of a valid condition of probation is sufficient to revoke [a] defendant's probation. All that is required to revoke probation is evidence satisfying the trial court in its discretion that the defendant violated a valid condition of probation without lawful excuse." State v. Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). Once the State has met its burden of proving the existence of a probation violation, which was in this case proven by defendant's admission, the burdenshifts to the defendant to present competent evidence of his inability to comply with the conditions of the probation. State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985). In the case sub judice, it was alleged that defendant violated his probation by failing to pay his monetary fees. Defendant admitted the violation and offered no lawful excuse. The fact that defendant's girlfriend was in court and prepared to pay money on defendant's obligation does not excuse defendant's prior failure to pay the monetary fees. Accordingly, we conclude that it was within the trial court's discretion to revoke defendant's probation.
No error.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).