STATE OF NORTH CAROLINA
v.
ORENTHO SEATON HOLT.
No. COA06-826
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.
James N. Freeman, Jr. for Defendant-Appellant.
McGEE, Judge.
Defendant appeals from judgments entered upon revocation of his probation. We affirm.
Although the record on appeal filed by Defendant lacks copies of the relevant judgments, it appears Defendant was placed on supervised probation on 3 June 2004, upon his convictions for intimidating a witness, assault with a deadly weapon, communicating threats, and obtaining property by false pretenses. Violation reports were filed on 16 February 2006. Although the copies of the reports found in the record are incomplete and illegible, it appears Defendant was charged, inter alia, with testing positive for illegal drug use, non-payment of the monetary conditions of probation, failing to provide proof of employment, and missing several required probation appointments.
At the beginning of the revocation hearing, Defendant's counsel admitted each of the charged violations and the willfulness thereof. Counsel expressly declined to present any sworn testimony or other competent evidence. After hearing from the probation officer, defense counsel, and Defendant, the trial court revoked Defendant's probation and activated his two consecutive, suspended prison sentences of nine to eleven months. In addition to finding seven specific willful violations in 04 CRS 50200, and four willful violations in 04 CRS 51442, the trial court found that "[e]ach violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence[s]."
Defendant contends the trial court erred in failing to consider his "evidence of lawful excuse concerning his transportation problems which hindered greatly his ability to perform some of the probation conditions which he was violated on." However, as noted above, Defendant did not present competent evidence at the hearing of a lack of willfulness. Defendant relied instead on his unsworn statement to the trial court and the representations of his counsel. See State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985) (finding revocation of the defendant's probation was proper where the defendant failed to present competent evidence as to his inability to comply with the terms of his probation). Moreover, Defendant's alleged difficulties with transportation had no bearing on Defendant's admitted drug use, which alone was sufficient to support revocation. See, e.g., State v. Freeman, 47 N.C. App. 171, 176, 266 S.E.2d 723, 725, disc. review denied, 301 N.C. 99, 273 S.E.2d 304 (1980). The trial court's findings were more than sufficient to support its judgments. Crouch, 74 N.C. App. at 568, 328 S.E.2d at 835.
Affirmed.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).