STATE OF NORTH CAROLINA
v.
JULIO JEFE LAFLORA, Defendant.
No. COA09-484
Court of Appeals of North Carolina.
Filed December 22, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Hilda Burnett-Baker, for the State.
William D. Auman, for defendant-appellant.
STROUD, Judge.
Defendant appeals from revocation of probation and activation of two sentences of twelve to fifteen months each imposed on two counts of second degree burglary and multiple convictions of breaking or entering and larceny. According to the violation reports, the judgments suspending sentence were originally entered on 4 August 2004. Defendant was placed on probation for a period of 36 months.[1] We affirm.
The violation reports were filed on 20 November 2005. The reports alleged that defendant violated probation by (1) not returning home on 11 November 2005 and as of the date of the filing of the report, defendant had not returned to his home; (2) falling in arrears in the amount of $120 on a monetary condition; (3) falling in arrears in the amount of $210 on his probation supervision fee; and (4) by changing or leaving his residence without the prior approval of his probation officer. As of the filing of the reports, defendant's whereabouts were unknown.
When defendant's whereabouts became known again, counsel was appointed on 1 December 2008 to represent defendant at the probation revocation hearing. The court held the hearing on 12 January 2009. As each allegation was read, defendant was asked whether he admitted or denied the allegation. Defendant, through counsel, admitted that he committed all of the alleged violations. He denied that the violations of the monetary conditions were willful. After hearing from counsel and defendant, the court entered judgment finding and concluding that defendant willfully and without lawful excuse committed all of the charged violations.
Defendant solely contends that the evidence does not support the conclusion that defendant's failure to comply with the terms and conditions of probation was willful. Our Supreme Court has stated:
All that is required in a hearing [upon a violation report] is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended.
State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). Evidence of the defendant's failure to comply with a term or condition of probation is sufficient to support a finding that the violation was willful or without lawful excuse unless the defendant can successfully carry his burden of showing lawful excuse or lack of willfulness. State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985). A verified report of a probation officer stating in detail the violations of the conditions of probation violated by the defendant is competent evidence to establish the violations. State v. Duncan, 270 N.C. 241, 246, 154 S.E.2d 53, 58 (1967).
Here, defendant's own admissions established the willfulness of one or more violations. He only contested the lack of willfulness as to the monetary conditions. He offered no evidence to excuse, or to show lack of willfulness of, his absconding from supervision and failure to notify his probation officer of his whereabouts. As "[t]he breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence . . . . Further discussion of this assignment to demonstrate its lack of merit is unnecessary." State v. Braswell, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973) (citation omitted).
We affirm the trial court's order of revocation.
Affirm.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] The original judgments are not included in the record on appeal.