STATE OF NORTH CAROLINA
v.
TAD WILLIAM DEXTER
No. COA09-385
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Attorney General Roy A. Cooper, by Assistant Attorney General Christopher H. Wilson, for the State.
Paul Y.K. Castle, for Defendant.
BEASLEY, Judge.
Tad William Dexter (Defendant) appeals from judgments entered revoking his probation and reinstating his original sentence. For the reasons stated below, we affirm.
On 13 July 2006, a Pamlico County jury found Defendant guilty of nine counts of third-degree sexual exploitation of a minor. Defendant was sentenced to three consecutive terms of six to eight months each. Later, the trial court suspended Defendant's sentence and placed Defendant under supervised probation for thirty-six months. Defendant's probation began on 27 January 2008.
Under the monetary conditions of his probation, Defendant was required to pay court costs, miscellaneous fees, attorney's fees, and probation supervision fees to the Clerk of Superior Court under a schedule set by his probation officer. Defendant was to pay $150.00 per month, beginning 27 February 2008, under his payment plan. Because Defendant was convicted of third-degree sexual exploitation of a minor, Defendant was also required to "[r]eport for initial evaluation by licensed facility [sic], participate in all further evaluation, counseling, treatment or education programs recommended as a result of that evaluation, and comply with all other therapeutic requirements of those programs until discharged."
In September 2008, Defendant's probation officer filed three probation violation reports alleging that Defendant had "willfully violated" his monetary conditions and had "failed to successfully complete any and all required treatment." Subsequently, a probation violation hearing was held. At the time of the hearing, Defendant's probation officer testified that Defendant was $540.00 in arrears towards his monetary condition. Defendant's probation officer testified further that Defendant had obtained two assessments from licensed therapists, the first by Dr. Isabelle Ragsdale. Defendant "became irate" when Dr. Ragsdale offered her recommendations and asked Defendant to leave the weekly group therapy sessions on 3 June 2008.
Defendant's probation officer gave Defendant a thirty-day notice that he had to begin treatment in order to avoid a reported violation. Defendant then contacted a second therapist, Dr. Chris Boyle. However, because of some confusion with the required paperwork and the costs to cover the first appointment, Defendant never met with Dr. Boyle. Defendant contacted a third therapist, Dr. Don Wolfe, with whom he met with on four occasions, one of which was a therapy session. At the fourth session, Dr. Wolfe recommended that Defendant participate in eighteen monthly sessions at $75.00 each. Defendant contacted his probation officer on 11 September 2008, informing him that he did not intend on attending his treatment sessions because he was financially unable to do so.
The trial court found that Defendant had violated the conditions of his probation contained in the probation violation report. The trial court revoked Defendant's probation and activated his original sentence. From this judgment, Defendant appeals.
The applicable standard of review for a trial court's decision to revoke probation is abuse of discretion. State v. Hewett, 270 N.C. 348, 356, 154 S.E.2d 476, 482 (1967). "Any violation of a valid condition of probation is sufficient to revoke defendant's probation. All that is required to revoke probation is evidence satisfying the trial court in its discretion that the defendant violated a valid condition of probation without lawful excuse." State v. Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987) (citations omitted) (emphasis added). "An alleged violation by a defendant of a condition upon which his sentence is suspended `need not be proven beyond a reasonable doubt." State v. Tennant, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000) (quoting State v. Robinson, 248 N.C. 282, 285-86, 103 S.E.2d 376, 379 (1958)).
"[A] trial court's decision will not be disturbed, unless it is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. McDonald, 130 N.C. App. 263, 267, 502 S.E.2d 409, 413 (1998) (internal quotations omitted). "The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion." Tennant, 141 N.C. App. at 526, 540 S.E.2d at 808 (internal quotation omitted).
Defendant first argues that the trial court erred in revoking his probation because his failure to comply with the conditions of his probation was neither willful nor without legal excuse. Defendant contends that he was under "extreme financial distress" and that he was unable to comply with the monetary obligations "due to circumstances beyond his control." We disagree.
"The burden is on defendant to present competent evidence of his inability to comply with the conditions of probation; and that otherwise, evidence of defendant's failure to comply may justify a finding that defendant's failure to comply was wilful or without lawful excuse." Tozzi, 84 N.C. App. at 521, 353 S.E.2d at 253. "[F]airness dictates that in some instances a defendant's probation should not be revoked because of circumstances beyond his control." State v. Hill, 132 N.C. App. 209, 212, 510 S.E.2d 413, 415 (1999).
In a probation revocation hearing, "the court is not bound by strict rules of evidence" and:
[a]ll that is required . . . is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion[.] . . . Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is directed by the reason and conscience of the judge to a just result.
Hewett, 270 N.C. at 353, 154 S.E.2d at 480 (internal quotation omitted). However, "where a defendant has presented competent evidence of his inability to comply with the terms of his probation, he is entitled to have that evidence considered and evaluated before the trial court can properly order revocation." State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 834 (1985).
Defendant argues that during the probation violation hearing, he presented competent evidence that "[he] and his wife were experiencing severe financial pressures during his probationary period[,]" and that he "remained unemployed during the entire period due to his back problem." Defendant contends that he did not "brush aside his monetary obligations[,]" but instead made an effort to consult with his probation officer about his inability to make payments in full in a timely fashion. Because of his inability to fully comply with his monetary obligations "due to circumstances beyond his control[,]" Defendant argues that the trial court abused its discretion.
Defendant's probation officer submitted three sworn probation violation reports which "constitute[] competent evidence sufficient to support the order revoking his probation." State v. Gamble, 50 N.C. App. 658, 661, 274 S.E.2d 874, 876 (1981) (citation omitted). The violation reports stated that Defendant had willfully violated:
1. Monetary Condition of Probation "The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" as directed by the Court or probation officer" in that THE DEFENDANT IS IN ARREARS $510.00, HAVING LAST MADE A PAYMENT ON 08/01/2008.
2. Monetary Condition of Probation "The defendant shall pay to the Clerk of Superior court the monthly probation supervision fee as set by law" in that THE DEFENDANT IS IN ARREARS $30.00, HAVING LAST MADE A PAYMENT ON 08/01/2008.
3. Sex Offender Special Condition Number 7. SPECIAL CONDITIONS FOR REPORTABLE OFFENSES: #2. DEFENDANT MUST PARTICIPATE IN SUCH EVALUATION AND TREATMENT AS IS NECESSARY TO COMPLETE A PRESCRIBED COURSE OF PSYCHIATRIC, PSYCHOLOGICAL, OR OTHER REHABILITATIVE TREATMENT AS ORDERED BY THE COURT, IN THAT THE DEFENDANT HAS FAILED TO SUCCESSFULLY COMPLETE ANY AND ALL REQUIRED TREATMENT.
At the hearing, Defendant's probation officer testified that Defendant was currently $540.00 in arrears in his monetary obligation, "$30 towards his probation supervision fees and $510 towards his court indebtedness". The probation officer also testified that Defendant had obtained two assessments from physicians, but that "[a]t th[at] point [Defendant] ha[d] not successfully completed any of the recommended treatment of any of the providers." Defendant had seen a total of three physicians. Defendant received an assessment from the first physician, but their relationship ended after an argument. With the second physician, Defendant testified that "we scheduled an appointment, except that they lost the check, and then I ended up never seeing him." Defendant's probation officer testified that when he asked when he was going to start treatment with the third physician, Defendant replied, "I am not." This evidence reasonably satisfied the trial court that Defendant violated a condition of his probation. After considering all the evidence, the trial court found that Defendant had clearly violated the conditions of his probation, as set out in the allegations of the violation reports. Further Defendant did not provide documentation that he was unable to work or had attempted to qualify for disability payments.
Assuming arguendo that Defendant was unable to pay and fulfill his monetary obligation, the trial court did not err in finding that Defendant had willfully and without lawful excuse, violated a condition of his probation. All that is required is evidence that Defendant violated at least one condition of probation and that there was sufficient evidence that Defendant failed to cooperate with his rehabilitative evaluation and treatment. Tozzi, 84 N.C. App. at 521, 353 S.E.2d at 253. The trial court was reasonably satisfied in its conclusion that Defendant had violated his probation, taking into account the "law and particular circumstances" of Defendant's case. Hewett, 270 N.C. at 353, 154 S.E.2d at 480. Defendant failed to show that his conduct was not willful nor legally excusable. Therefore, we conclude that the trial court did not abuse its discretion. This assignment of error is overruled.
In Defendant's second argument, he contends that the trial court erred in revoking his probation because there was sufficient evidence to support a decision that his probation should be continued and/or modified. Defendant argues that the trial court revoked his probation "simply for the reason that he was unwilling to accept the court's judgment, not based on anything related to the conditions of his probation." We disagree.
First, the trial judge is:
to resolve the factual question of whether the probationer has in fact violated one or more conditions of his probation. If so, a second question for the trial judge is whether probation should be revoked and the suspended sentence activated, or whether other steps should be taken to protect society and improve chances of rehabilitation, such as, continuation of probation or modification of conditions of probation.
State v. Williamson, 61 N.C. App. 531, 534, 301 S.E.2d 423, 425-26 (1983) (citation omitted). At the close of the hearing, the trial court judge stated, "I do find that the defendant has violated  the allegations as set out on the report; it is a clear violation." The trial court found that Defendant had willfully violated his monetary conditions of probation as well as the condition requiring him to participate in evaluation and rehabilitative treatment.
After finding that Defendant was in violation of his probation, the following exchange occurred:
THE COURT: [T]his is what I am going to do. I am going to give you one more chance. I am not going to revoke you, but you are going to spend some time in jail, because it is a clear violation. I am going to give you 60 days active in the custody of the Sheriff of Pamlico County. When you get out of custody you are to immediately begin your treatment .. . I am going to have the probation officer to redo the payment plan, because I recognize that there is some financial stress there[.] .. .
Defendant then informed the trial judge that 60 days in jail would not relieve his financial position and proceeded to argue that his probation officer had committed perjury by lying about his violations. The trial court judge then said, "I have tried to give you an opportunity to do this the right way. . . . I tried to do it for you. The Court is going to revoke the defendant's probation. He is in the custody of the Sheriff."
Defendant argues that the trial court erred because "if there was no justifiable basis to revoke [his] probation before he started to argue with the judge, then there still was no justifiable basis to revoke his probation" afterward. Defendant's contention is unconvincing. Any violation of a condition under Defendant's probation is sufficient to revoke his probation. Tozzi, 84 N.C. App. at 521, 353 S.E.2d at 253. As we concluded above, there was sufficient evidence to find that Defendant had violated his rehabilitative condition. It was within the trial court's discretion to determine "whether probation should be revoked and the suspended sentence activated, or whether other steps should be taken to protect society and improve chances of rehabilitation, such as, continuation of probation or modification of conditions of probation." Williamson, 61 N.C. App. at 534, 301 S.E.2d at 426. This step is not purely a factual determination, but is predicative and discretionary. The trial court judge may take into consideration the safety of society, improving Defendant's chance of rehabilitation, and the ability of Defendant to thrive in society. See Morrissey v. Brewer, 408 U.S. 471, 480, 33 L. Ed. 2d 484, 493 (1972).
We conclude that Defendant's argument that the trial court erred merely because the trial court judge changed her decision from not revoking probation and requiring 60 days in active custody to completely revoking his probation and activating his original sentence is without merit. Because we previously concluded that the trial court judge's findings were supported by competent evidence, her judgment is not reviewable on appeal absent a manifest abuse of discretion. Tennant, 141 N.C. App. at 526, 540 S.E.2d at 808. We hold that the trial court's ultimate decision to revoke Defendant's probation was a reasoned one, taking into account Defendant's contention that "60 days in jail [would] not . . . help with [his] financial position at all." This assignment of error is overruled.
Finally, Defendant argues that the trial court erred in revoking his probation because the court's findings of fact that he had failed to complete the requisite psychiatric treatment during his probationary period were not supported by the evidence in the record. Defendant contends that he complied with the conditions of his probation to the "best of his ability." We disagree.
As stated above under Defendant's first assignment of error, the sworn probation violation reports constituted evidence sufficient to support revocation of his probation. See Gamble, 50 N.C. App. at 661, 274 S.E.2d at 876. All three of the probation violation reports stated that "Defendant ha[d] failed to successfully complete any and all required treatment." Furthermore, there was evidence introduced at the hearing that Defendant had not completed treatment with any of the three physicians whom he had contacted. Defendant's probation officer also testified that Defendant had stated that he did not intend to participate in treatment with his most recent physician. Because "[a]ll that is required to revoke probation is evidence satisfying the trial court in its discretion that the [D]efendant violated a valid condition of probation without lawful excuse," Defendant's argument is not persuasive. Tozzi, 84 N.C. App. at 521, 353 S.E.2d at 253. This assignment of error is dismissed.
For the foregoing reasons, we affirm the trial court's ruling.
Affirmed.
Judges STEPHENS and HUNTER, JR. concur.
Report per Rule 30(e).