Murphy, Judge, concurring in part and dissenting in part.
I concur with the Majority opinion as to the conviction of interfering with an electronic monitoring device, but must respectfully dissent as to the conviction of habitual felon status. State's Exhibit 4, the Automated Criminal/Infraction System (ACIS) printout used to prove one of Defendant's three convictions, was not admissible because the State did not sufficiently comply with the foundational requirements of the best evidence rule.
Under N.C. Gen. Stat. § 14-7.4, "[a] prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction." N.C. Gen. Stat. § 14-7.4 (2017) (emphasis added). While the habitual felon statutory *196 language is "permissive," Wall , 141 N.C. App. at 533, 539 S.E.2d at 695, "[t]he preferred method for proving a prior conviction includes the introduction of the judgment itself into evidence." State v. Blakney , 233 N.C. App. 516, 521, 756 S.E.2d 844, 848 (2014) (alteration omitted) (quoting State v. Maynard , 311 N.C. 1, 26, 316 S.E.2d 197, 211 (1984) ). Thus, although N.C. Gen. Stat. § 14-7.4 "does not exclude other methods of proof[,]" Wall , 141 N.C. App. at 533, 539 S.E.2d at 695, I dissent because the Majority extends the "permissive" nature of N.C. Gen. Stat. § 14-7.4 too far and suspends *693 the applicability of our Supreme Court precedent and the Rules of Evidence to habitual felon proceedings.
I note that a printout from the ACIS is neither a "court" nor "judicial" record of a criminal conviction. Rather, the ACIS "is an electronic compilation of all criminal records in North Carolina." LexisNexis Risk Data Mgmt. Inc. , 368 N.C. at 181, 775 S.E.2d at 652. Thus, an ACIS printout is actually a record of the data stored in the ACIS database at one point in time, not a court record. See id. Our Supreme Court has held that "[t]he proceedings of courts of record can be proved by their records only[.]" Jones v. Jones , 241 N.C. 291, 293, 85 S.E.2d 156, 158 (1954) ("Public policy and convenience require the rule, and a necessary consequence from it is the absolute and undeniable presumption that the record speaks the truth."). This historic mandate is consistent with the modern statutory language of N.C. Gen. Stat. § 14-7.4, which provides that "[a] prior conviction may be proved by the original or a certified copy of the court record of the prior conviction." Therefore, this precedent has not been superseded by statute and is still applicable in the instant case. Our precedent prefers that the proceedings of Courts, such as a criminal conviction, be proved by "their records." Notwithstanding this critical distinction between a judgment record and an ACIS printout, I agree that an ACIS printout may serve as secondary evidence of a defendant's record of conviction, provided that the requirements of the best evidence rule are satisfied. Here, they were not.
Wall , a case principally relied upon by the Majority, is distinguishable from the instant case. In Wall , we determined whether "a faxed certified copy of a criminal record is admissible under section 14-7.4 to prove defendant's status as an habitual felon." Wall , 141 N.C. App. at 532, 539 S.E.2d at 694 (emphasis added). There, although the State did not submit the original or a certified copy of the court record of the defendant's prior felony conviction, the State still proved his conviction with a "court record." Id. at 530, 539 S.E.2d at 693. It was with a faxed version of the certified copy of the judgment and commitment form, not an ACIS printout. Id. Wall 's holding, confined to its facts, is fairly simple: a facsimile of a certified copy of a defendant's judgment and commitment form is permitted under N.C. Gen. Stat. § 14-7.4. Id. at 533, 539 S.E.2d at 695. This distinction between Wall and the instant case further confirms that despite N.C. Gen. Stat. § 14-7.4's permissive nature, the State must either proffer a "court record" or otherwise comply with the best evidence rule.
Further, although bound by Wall , I dissent in part to recognize that we provided an incomplete and truncated interpretation of *694 N.C. Gen. Stat. § 14-7.4 in that case. Id. at 531-32, 539 S.E.2d at 694. Specifically, Wall 's interpretation of N.C. Gen. Stat. § 14-7.4 omits critical words of the statute, and as a result ignores legislative intent. Id. Wall stated that:
The statute at issue in the instant case, section 14-7.4, clearly indicates that the provision is permissive, not mandatory, in that it provides a prior conviction "may" be proven by stipulation or a certified copy of a record .
Id. at 533, 539 S.E.2d at 695 (emphasis added). However, the plain language of N.C. Gen. Stat. § 14-7.4 does not provide that a prior conviction may be proven by any "copy of a record," as the above language from Wall suggests. Id. Rather, N.C. Gen. Stat. § 14-7.4 expressly states that a copy of "the court record" of the prior conviction may be used:
A prior conviction may be proved by ... the original or a certified copy of the court record of the prior conviction.
*197 N.C. Gen. Stat. § 14-7.4 (emphasis added). A "certified copy of the court record " is not synonymous with a "certified copy of a record ." Compare id. with Wall , 141 N.C. App. at 533, 539 S.E.2d at 695.
State v. Aultman , an unpublished decision of this Court, whose reasoning is adopted by the Majority today, relied on Wall's truncated interpretation of N.C. Gen. Stat. § 14-7.4. See Aultman , 244 N.C.App. 777, 781 S.E.2d 532, 2016 WL 47970 at *5 (unpublished) (citing Wall , 141 N.C. App. at 531-32, 539 S.E.2d at 694 ). Unlike the Majority and the unpublished opinion in Aultman , I would limit the holding of Wall to its facts, and would decline to extend its reasoning to permit the introduction of ACIS printouts as secondary evidence of a criminal defendant's judgment record without first complying with the foundational requirements of the best evidence rule. Wall , 141 N.C. App. at 533, 539 S.E.2d at 695 (holding that a faxed copy of a certified copy of the actual judgment can be admitted to prove a prior conviction in a habitual felon proceeding).
I note that at trial, Defendant argued that the ACIS printout should have been barred by the best evidence rule. Defendant also advances this argument on appeal. However, in neither Wall nor Aultman did the defendant make any argument concerning the best evidence rule. Wall , 141 N.C. App. 529, 539 S.E.2d 692 ; Aultman , 244 N.C.App. 777, 781 S.E.2d 532, 2016 WL 47970. Thus, neither of these cases should be deemed controlling in our resolution of the present case.
The best evidence rule applies here because the ACIS printout was admitted to prove the contents of a judicial record (i.e. a "writing") that the State indicated was unavailable. In response to Defendant's *695 objection, the State admitted that they had originally intended to use Defendant's judgment and commitment record to prove his conviction, but were using the ACIS printout (submitted as State's Exhibit 4) because the original could not be found.
The State : I'll tell you Your Honor that when we were gathering these documents, 4A had come from microfilming and they said that they didn't have the original of 4. So 4 is the record of the original judgment.
However, this explanation by the State fails to lay the proper foundation necessary to admit secondary evidence of public records under North Carolina Rule of Evidence 1005. I again emphasize that an ACIS printout is not a court record of the original judgment, but is only secondary evidence thereof. LexisNexis Risk Data Mgmt. Inc. , 368 N.C. at 181, 775 S.E.2d at 652. The information contained in the ACIS database is entirely dependent upon the contents of a physical court record, a signed judgment and commitment form. Id. ("[T]he information contained in ACIS is entered on a continuing, real-time basis by the individual Clerks of Superior Court, or by an employee in that Clerk's office, from the physical records maintained by that Clerk.").
As Defendant's 4 June 2001 judgment record is a "public record," the admissibility of an ACIS printout as secondary evidence of it is governed by Rule 1005. Thus, to properly admit the ACIS printout, the State was required to establish that a copy of the 4 June 2001 judgment record could not be "obtained by the exercise of reasonable diligence." N.C. Gen. Stat. § 8C-1, Rule 1005 ("If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence , then other evidence of the contents may be given." (emphasis added) ).
Here, there was an inadequate foundation regarding the State's exercise of "reasonable diligence" to obtain a copy of the 4 June 2001 judgment record. Id. The only statement made by the State regarding the unavailability of Defendant's judgment record is simply that "they didn't have the original[.]" As to the degree of diligence required under Rule 1005, reasonable diligence "is not easy to define, as each case depends much on its peculiar circumstances[.]" Avery v. Stewart , 134 N.C. 287, 290, 46 S.E. 519, 520 (1904). However, reasonable diligence is not an insurmountable standard, even in this context where the State has the burden to prove a defendant guilty beyond a reasonable doubt:
What degree of diligence in the search is necessary it is not easy to define, as each case depends much on its peculiar circumstances; and the question whether the loss of *696 the instrument is sufficiently proved to *198 admit secondary evidence of its contents is to be determined by the Court and not by the jury. But it seems that in general the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him.... [T]he burden of showing the loss of a written instrument is upon the party seeking to introduce secondary evidence. He must establish its loss by proof that he has made diligent but unavailing search for the paper in places where it would be most likely to be found, and the degree of diligence necessary to be shown must depend upon the value and importance of the lost document.
Id. (internal quotation marks and citations omitted).
The prosecutor's statement that "they said that they didn't have the original" is not competent evidence of reasonable diligence under Rule 1005. I recognize that the admissibility of secondary evidence of a public record under Rule 1005 is a preliminary question, and the trial court, in making its determination on the question of admissibility, is not bound by the Rules of Evidence. N.C. Gen. Stat. § 8C-1, Rule 104(a). However, our precedent does not treat the statements of counsel to be "evidence." State v. Crouch , 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985) ("Our review of representative cases discloses no circumstances where statements of counsel have been treated as evidence[.]"). In Crouch , we recognized that the Rules of Evidence do not apply at probation revocation hearings yet still concluded that the defendant was required to present "competent evidence" of his inability to comply with the terms of his probation to meet his burden. Id . at 567, 328 S.E.2d at 835. We held that statements from the defendant's counsel were not competent evidence. Id . Similarly, in the instant case, although Rule 104 allowed for a relaxation of the Rules of Evidence in determining the preliminary matter of diligence, the State was still required to present evidence. The prosecutor's statement that "they didn't have the original" is not evidence.
Assuming arguendo that the statements of counsel are competent evidence for a Rule 1005 foundation, the statement "they said that they didn't have the original" fails to evince a reasonably diligent search. We are unable to discern who they are, where they looked for Defendant's judgment record, and why they did not have an original or a copy of the record. Thus, we have no way of discerning whether a good faith search *697 has been made in a place where the judgment record was most likely to be found. Even in our unpublished and nonbinding decision in Aultman , the ACIS report was only admitted after the Assistant Clerk of Court for the criminal division of Duplin County testified that the ACIS reports were "the only records that would be left of the district court files."[1] Aultman , 244 N.C.App. 777, 781 S.E.2d 532, 2016 WL 47970 at *3. Here there was no such testimony, and although the Clerk of McDowell Superior Court testified at Defendant's habitual felon trial, she only testified as to what an ACIS printout was generally and to the meaning of the abbreviations in the ACIS report fields.
By ignoring the applicability of the best evidence rule, the Majority implicitly endorses a subminimal foundation standard that impedes our ability to conduct effective and efficient appellate review. Moreover, the Majority's opinion is a departure from our precedent because it suggests that the evidence necessary to establish a Rule 1005 "reasonable diligence" foundation can come solely from the statements of counsel who seek to admit evidence of the contents of a *199 public record against the other party. Our precedent dictates that ACIS printouts should be used out of necessity, not choice. See Wall , 141 N.C. App. at 531, 539 S.E.2d at 693 (facsimile of judgment); State v. Ross , 207 N.C. App. 379, 400, 700 S.E.2d 412, 426 (2010) ("Although other documents, such as a transcript of plea, could be used to prove a conviction, we agree that, as our Supreme Court stated, the 'preferred method for proving a prior conviction includes the introduction of the judgment itself into evidence.' " (quoting Maynard , 311 N.C. at 26, 316 S.E.2d at 211 ) ). The Rules of Evidence and in turn, the best evidence rule apply during the habitual felon enhancement stage of a trial. As the State failed to present competent evidence necessary to establish a foundation demonstrating that a reasonably diligent search was conducted to locate Defendant's 4 June 2001 judgment record, I must respectfully dissent.

I note that the foundation laid by the Duplin County Clerk in Aultman further indicated that the ACIS printout was the only remaining evidence of the defendant's conviction. Specifically, ACIS printouts contain a data field labeled "FILM" and this field denotes whether a particular conviction record has been archived via microfilming. In Aultman , the "FILM" field in the ACIS printout indicated that the District Court's judgment record was never microfilmed. In contrast, here the "FILM" field in Defendant's ACIS printout contains a corresponding microfilm number, confirming that his original 4 June 2001 judgment record has been archived via microfilming. As a result, the State needed to do more to lay a foundation of a reasonably diligent search for this record.